UNITED STATES v. CHICAGO, P. & ST. L. RY. CO. et al. (two cases).

(District Court, S. D. Illinois.   January 19, 1906.)

Nos. 10,652, 10,653.

1. RAILROADS—SAFETY APPLIANCE ACT—JOINT ACTION TO RECOVER PENALTY.

In a joint action against two or more railroad companies to recover the penalty for violation of Safety Appliance Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174], there may be a recovery against all or any of the defendants as the proofs warrant.

2. COMMERCE—SAFETY APPLIANCE ACT—VIOLATION.

A railroad company, which hauls over its line within a state a car of another company employed in moving interstate traffic consigned to a point in another state, which car is not equipped with the appliances required by Safety Appliance Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174], is liable for the penalty imposed by said act.

This is an action begun by the United States attorney, upon the direction of the Attorney General, at the request of the Interstate Commerce Commission, in accordance with section 6 of the act of March 2, 1893, as amended, to recover a penalty of $200 for violations of that statute.

Inspectors of safety appliances in the employ of the Interstate Commerce Commission reported that on December 14, 1904, two coal cars of the Litchfield & Madison Railway Company, loaded with coal, consigned to points in the state of Missouri, were hauled over the line of the Chicago, Peoria & St. Louis Railway Company of Illinois, from Madison, in the state of Illinois, to East St. Louis, in said state, and delivered to the Terminal Railroad Association in a defective condition.   The defect on coal car 2,734 was on the "B" end; the lock block being missing from the Kelso coupler thereof and the coupler thus being totally inoperative.   The defect on coal car 2,171 was on the "B" end thereof; a grab iron being broken off and missing from that end of the car. Prior to July 1, 1904, the Chicago, Peoria & St. Louis Railway Company of Illinois had operated the Litchfield & Madison Railway Company under a general lease, but on that date said lease was canceled.   There was an arrangement or agreement in effect on December 14, 1904, whereby the cars of the Litchfield & Madison Railway Company delivered at the Madison yard of said railway company were hauled by the Chicago, Peoria & St. Louis Railway Company of Illinois in its trains from Madison to East St. Louis, for which service the Litchfield & Madison Railway Company paid its share of maintenance of said line, based upon its share of the total wheelage and 50 per cent. of 5 per cent. interest on the cost of said line.   This line of the Chicago, Peoria & St. Louis Railway Company of Illinois from Madison to East St. Louis is about 3 miles in length.   The facts are further set forth in the opinion of the court.

W. A. Northcott, U. S. Atty., H. A. Converse, Asst. U. S. Atty., and L. M. Walter, Special Asst. U. S. Atty.

Wilson, Warren & Child, for defendants.

SANBORN, District Judge (after stating the facts). In case No. 10,653 the amended declaration states that both defendants are corporations organized under the laws of Illinois, and on December 14, 1904, were common carriers engaged in interstate commerce by railroad, and operated jointly a line of railway in St. Clair county, Ill., and on that day hauled on their joint line of railway coal car No. 2,171, marked "L. & M.," meaning "Litchfield & Madison," which car was

143 F.—23

not provided with grab irons on one end, called the "B" end thereof; that said car was then and there used in moving interstate traffic, being coal from Staunton, Ill., to St. Louis, Mo., and not being a four-wheel car or an eight-wheel standard logging car. Judgment is demanded for $100 for said offense, the declaration being in debt. In the other case against the same defendants the amended declaration states the same facts of joint operation and hauling on joint line of defendants' coal car No. 2,734, having a defective uncoupling mechanism on the "B" end thereof, so faulty that in handling the car it could not be uncoupled without the necessity of a person going between the end thereof and the car to which it might be coupled; stating also the same interstate commerce haul and the same character of car. This action is in debt, and judgment is demanded for $100 against both defendants, as in the other case. In each case defendants plead nil debet.

Act Cong. March 2, 1893, c. 196, § 2, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174], provides:

"That it shall be unlawful for any common carrier engaged in interstate commerce by railroad to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars."

Section 4 of the act provides that it shall be unlawful under like circumstances for any railroad company to use any car in interstate commerce that is not provided with secure grab irons or handholds in the ends and sides of each car for greater security to men in coupling and uncoupling cars. It is under this act that the declarations were filed.

It appears in evidence that on December 14, 1904, the defendant the Litchfield & Madison Railway Company owned and operated a railroad from Litchfield, Ill., to Madison, Ill., some 3½ miles north of East St. Louis. At the same time it appears that the Chicago, Peoria & St. Louis Railway Company owned and operated a railroad from Pekin, Ill., to Granite City. The southern terminal of the latter road is a short distance from East St. Louis. The Chicago, Peoria, & St. Louis Railway Company also owns a track from Madison to East St. Louis, over which all freight cars destined for interstate commerce between the road of the Litchfield & Madison Company to points in Missouri are hauled by the Chicago, Peoria & St. Louis Railway Company. The arriving south-bound trains of the Litchfield & Madison Road are taken by the Chicago, Peoria & St. Louis Railway, or by its engines, to East St. Louis, and there are delivered to the St. Louis Bridge & Terminal Company, which is an ordinary terminal railroad company between trunk lines operated across the St. Louis Bridge between East St. Louis, Ill., and St. Louis, Mo. It appears also that the Illinois Central Railroad Company uses the track of the Chicago, Peoria & St. Louis Railway Company between Madison and East St. Louis. This statement of facts applies to the date in question, December 14, 1904. On the date just mentioned two eight-wheeled coal cars were delivered by the Litchfield & Madison Company at Madison to the Chicago, Peoria & St. Louis Railway Company for hauling to

East St. Louis, destined for delivery to the Terminal Company, and loaded with coal consigned to points in Missouri, and the cars were actually afterwards moved from Illinois to Missouri, pursuant to the terms of the bills of lading. One of these cars had a defective broken coupling, which would not work automatically or without going between the cars. On the other one the grab iron, which is a support some 24 inches long, fastened onto the end of the car, designed to aid the brakeman to loosen the knuckle of the coupling joint, had been broken or torn off, so as to leave only a small portion of one end of the iron remaining on the door. These cars were inspected by agents of the Interstate Commerce Commission at Madison and also at East St. Louis, and the Terminal Company thereupon repaired them on December 15, 1904, and then transported them into Missouri.

The only question presented is whether the defendants are jointly liable under the acts of Congress for hauling or permitting to be hauled or used on the line from Madison to East St. Louis these cars in the condition described. It clearly appears that the line upon which they were so hauled belonged entirely to the Chicago, Peoria & St. Louis Railway Company, and that the hauling was done entirely by that company; the Litchfield & Madison Company having nothing to do with the cars after they were stopped at Madison and delivered to the Chicago, Peoria & St. Louis Railway Company, as herein stated. Under the case of Chaffee v. United States, 18 Wall. 518, 538, 21 L. Ed. 908, I am of opinion that judgment can be rendered against both or either of the companies under these declarations. It also appears clearly that the Litchfield & Madison Company is not within the terms of the act in this particular case, because the haul shown was that of the other company alone, and that no judgment should be taken against it for the penalty provided, but that the plaintiffs should recover the prescribed penalty of $100 in each case, with costs against the Chicago, Peoria & St. Louis Railway Company only.

Judgment is ordered accordingly.