UNITED STATES v. ONE SILK RUG.

(Circuit Court of Appeals, Third Circuit. January 30, 1908.)

No. 39.

1. CUSTOMS DUTIES—FORFEITURE—FRAUDULENT INVOICE—GUILTY SCIENTER OF FORFEITOR.

Customs Administrative Act June 10, 1890, c. 407, § 9, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895], provides for the forfeiture of imported merchandise when entered "by means of any fraudulent or false invoice, * * * false statement, * * * or false or fraudulent practice or appliance." Held that, to incur this penalty, there must be a guilty scienter and intent on the part of the forfeitor, and that where entry was made on an invoice falsely made out by the foreign shipper, but there was an entire absence of fraudulent intent on the part of those concerned in making the entry, there could be no forfeiture, though the shipper had a financial interest in defrauding the revenue.

2. SAME—CONSTRUCTION.

Under Customs Administrative Act June 10, 1890, c. 407, § 9, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895], which defines various offenses against the customs revenue, and prescribes two penalties—forfeiture of the goods in question, and criminal conviction of the offender—the same guilty intent must be shown for the former penalty as for the latter.

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

There was no opinion below. The full title of this cause is United States, Plaintiff in Error, v. One Silk Rug Lately Imported into the United States, John Dunn, Jr., and Davies, Turner & Company, Claimants, Defendants in Error.

Jasper Yeates Brinton, Asst. U. S. Atty. (J. Whitaker Thompson, U. S. Atty., on the brief), for the United States.

Frank P. Prichard, for John Dunn, Jr.

William M. Stewart, Jr., for Davies, Turner & Co.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. This was a proceeding brought by the United States in the District Court for the Eastern District of

Pennsylvania to forfeit a silk rug. The rug was purchased by Samuel Small in Cairo, Egypt, from Hatoun, a dealer, for £457, of which sum $500 was paid in advance. The balance was to be paid by Small on delivery of the rug to him, free of duties and transportation charges, at his home in York, Pa. Hatoun shipped the rug to Davies, Turner & Co., importing agents, with instructions to collect £362, and accompanied the instructions and bill of lading with a consular affidavit in which he placed the value of the rug at £120, and averred said sum was "the actual cost thereof, price actually paid therefor, and all charges thereon * * * and that the currency in which said invoice is made out is that which was actually paid or is to be paid for such merchandise." Thereafter the consignee employed John Dunn, Jr., a custom house broker to attend to the shipment on its arrival in Philadelphia. No copy of the consular invoice made by Hatoun was sent to Mr. Small, nor did he know it had been made, and in ignorance of it he made an affidavit to an importer's declaration, sent to him by Dunn, which declared that he, Small, was "the owner of the merchandise described in the annexed entry and invoice * * * that the entry and invoice which I now produce contains a just and faithful account of the actual cost of the said goods." On receipt of the affidavit, Dunn, in ignorance of the fact that Small had bought the rug at £457 and that Hatoun's consular affidavit, of which he had received a triplicate copy, had untruly stated £120 as the price thereof, delivered Small's affidavit, together with the triplicate copy of the consular invoice, to the custom house authorities. The latter, having appraised the rug at £300 and discovered that the real price thereof was £457, and not £120, as stated in the consular invoice, thereupon brought this proceeding to forfeit the import and named Davies, Turner & Co. and John Dunn, Jr., as claimants. This proceeding was under section 9 of the Customs Act of June 10, 1890, c. 407, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895], which provides:

"That if any owner, importer, consignee, agent or other person shall make or attempt to make any entry of imported merchandise by means of any fraudulent or false invoices, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance whatsoever, or shall be guilty of any willful act or omission by means whereof the United States shall be deprived of the lawful duties, or any portion thereof, embraced or referred to in such invoice, affidavit, letter, paper or statement, or effected by such act or omissions, such merchandise, or the value thereof, to be recovered from the person making the entry, shall be forfeited, which forfeiture shall only apply to the whole of the merchandise or the value thereof in the case or package containing the particular article or articles of merchandise to which such fraud or false paper or statement relates; and such person shall, upon conviction, be fined for each offense a sum not exceeding $5,000, or be imprisoned for a time not exceeding two years, or both, in the discretion of the court."

It is not contended in this case that the claimants or Small had knowledge of any fraud on the part of Hatoun, or that they are chargeable with bad faith. On the trial, the government requested the court to charge the jury that if there was a fraudulent purpose on the part of Hatoun to defraud the government in forwarding to the United States a false invoice to be used in the entry of the goods, the verdict should be for the government. This the court refused to do, but said

to the jury, "you cannot forfeit the merchandise on the ground of the fraud of Hatoun. If he committed a fraudulent act, and it was subsequently adopted and acted upon by somebody who entered the goods, that is one thing, but certainly, if they were innocent, I do not see that there is any ground of forfeiture." The action of the court as noted constitutes the assignment of error. The government's contention is aptly put in its brief:

"The learned trial judge took the position that the fraud on the part of the foreign broker would not support a forfeiture of the goods unless this fraud was subsequently adopted by the person making entry of the goods, and that if such person were innocent there was no ground for forfeiture. The position of the government is, on the contrary, as indicated in the exceptions filed, to the effect that, under section 9 of the customs administrative act, the entry of goods by means of a fraudulent invoice put into existence by the seller and shipper of the merchandise, and who is financially interested in defeating the customs, is sufficient to forfeit the goods when entry is made on this invoice, irrespective of actual intent to defraud the government on the part of the person actually making entry."

We cannot accede to such a construction. This statute must be construed as a whole. To find its meaning, every part of it must be given due weight. Now the statute contains two separate provisions; one for forfeiture of imported goods, and one for the criminal conviction of a person making, etc., a fraudulent entry. But while these two parts of the act are, as modes of procedure, separate and distinct, yet, for the purpose of interpretation, they must by their very terms be construed by reference to each other. Such course is imperative. The statute, down to the last four lines, "and such person shall, upon conviction, be fined for each offense a sum not exceeding five thousand dollars, or be imprisoned for a time not exceeding two years, or both, in the discretion of the court," has to do wholly with the forfeiture proceeding. The clause quoted creates, but does not define, the crime. To determine who "such person" and what "each offense" is, we resort to the forfeiture clause. It follows, therefore, that unless such forfeiture clause requires a guilty scienter and intent on the part of the forfeiter, Congress has, by the crime clause, subjected to fine and imprisonment one guiltless of criminal intent. But we are not driven to such a result, for the use in the forfeiture clause of such terms as "by means of any fraudulent and false invoice," "any false statement," "any fraudulent practice or appliance whatsoever," "any willful act or omission," imply a guilty scienter and intent. But if to properly construe the criminal clause we must, by reference, read into it the forfeiture provision coupled with a guilty intent, we must not exclude such intent when we enforce that clause to forfeit. The court below was therefore right in holding that, in a case like the present, where there was an entire absence of fraudulent intent on the part of all parties here concerned, the government could not forfeit. If, as contended, this construction embarrasses it in the collection of its revenues, the remedy lies in legislative amendment.

The judgment of the court below is affirmed.