UNITED STATES v. TWENTY BOXES OF CHEESE.

UNITED STATES v. TWO HUNDRED AND TEN HALF-CASES OF FIGS
et al.

(District Court, E. D. New York.   April 4, 1908.)

1. CUSTOMS DUTIES—FORFEITURE—FRAUDULENT ENTRY—FALSE STATEMENT BY SHIPPER—INNOCENCE OF PERSON MAKING ENTRY.

Where merchandise is innocently entered by a person on an invoice fraudulently made out by the foreign shipper, it is not liable to forfeiture under Customs Administrative Act June 10, 1890, c. 407, § 9, 26 Stat. 135 (U. S. Comp. St. 1901, p. 1895), providing such penalty where an importer "or other person" makes a customs entry of imports "by means of any fraudulent or false invoice," etc.

2. SAME—FALSE STATEMENT OF WEIGHT—CONSUMMATION OF FRAUD.

Under Customs Administrative Act June 10, 1890, c. 407, § 9, 26 Stat. 135 (U. S. Comp. St. 1901, p. 1895), providing for forfeiture of imports entered by means of a false invoice, etc., the falsification must be such that if consummated it would deprive the United States of lawful duties. But if by itself, without further wrongful acts, it could not, in the regular course of procedure, produce such result, forfeiture is not incurred, even though there may have been wrongful intent.

In Rem.   On exceptions to informations for forfeiture.

William J. Youngs, U. S. Atty. (S. Brewster Strong, Asst. U. S. Atty., of counsel).

Hatch & Clute (Walter F. Welch, of counsel), for claimant.

CHATFIELD, District Judge.   Certain property, consisting in one case of 20 boxes of cheese, and in the other of 210 half-cases of figs and 59 cases of figs, has been seized by the officers of the customs service, and the United States attorney for the Eastern district of New York has filed a separate information asking for the forfeiture of these goods, alleging a violation of the provisions of Act Cong. June 10, 1890, c. 407, § 9, 26 Stat. 135 (U. S. Comp. St. 1901, p. 1895).   The language of this section has been recently interpreted by this court, with reference to the meaning of the words "making or attempting to make an entry," and it was there held that the false invoice or false statement by means of which the entry was made must be of such a character that, if consummated, the falsification would deprive the United States of some of the lawful duties accruing upon the merchandise.

So far as the present information against 210 half-cases of figs and 59 cases of figs is concerned, the form of the allegation is the same as in the former case, and is, in effect, that a seizure has been made of certain goods entered by one Theodore Economu, as importer, owner, and agent, with intent to defraud the revenue of the United States, by declaring in the invoice and entry a smaller weight of figs than the amount which the said Economu knew was contained in the cases, with the further allegation that thereby the said Economu intended and attempted to defraud the United States of a portion of the duties due upon that merchandise.

The information against the 20 boxes of cheese, on the other hand, contains a statement:   That a seizure has been made of 20 certain

boxes of cheese, of the value of $1,193.39, entered by one Theodore Economu, on the 26th day of December, 1907, under entry No. 342,-585, the merchandise having been imported by means of the steamer Alice, from a foreign port, to wit, Patras, Greece; that on the 27th day of November, 1907, at Calamata, Greece, one Michalakeas was "the owner, importer, and consignee" of the said merchandise, and did then make the required invoice, wherein the said Michalakeas did declare an intention to enter the goods at the port of New York; that the weight of the said 20 boxes of cheese was 1,282 kilograms, when in fact the actual weight was 1,770 kilograms, as the said Michalakeas well knew; that the said Michalakeas made a false invoice, with the intent to deprive the United States of lawful duties upon a portion of the merchandise upon entry at the port of New York; and that thereby the said Michalakeas was guilty of making a false and fraudulent statement of the weight of the said cheese, whereby the United States was to be deprived of a portion of the lawful duties thereon.

Objection is raised to each of these bills of information on one ground, while a second or further objection is made to the latter bill with respect to the 20 boxes of cheese. These objections must be taken up separately.

Considering first the second objection to the information relating to the 20 boxes of cheese, let us consider what violation or ground of forfeiture is charged. The information sets forth a wrongful act upon the part of said Michalakeas, at a Grecian port, and that the false invoice was made with the intent to have the United States deprived of certain duties when the goods should be entered at the port of New York.

Section 9 of the Customs Administrative Act provides substantially as follows:

"If any owner, importer, consignee, agent, or other person shall make or attempt to make any entry of imported merchandise by means of any fraudulent or false invoice, * * * or by means of any false statement, written or verbal, * * * or shall be guilty of any willful act or omission by means whereof the United States shall be deprived of the lawful duties, or any portion thereof, accruing upon the merchandise, * * * such merchandise, or the value thereof, to be recovered from the person making the entry, shall be forfeited, * * * and such person shall, upon conviction, be fined for such offense * * * or be imprisoned. * * *"

It will be noted that there is no provision in this statute requiring knowledge on the part of the "person" referred to, except in so far as such knowledge is necessarily inferred from such language as "willful act," "false invoice," "false statement," and "fraudulent practice." The section is one in which, under some circumstances, knowledge and wrongful intent might be a necessary inference from the act itself. On the other hand, the language of the statute is capable of the interpretation that the falsity and fraudulent quality of the paper or information is made the basis of the forfeiture, and that the goods of a consignee or person making the entry might be forfeited and the amount recovered, because of the fraud of some other person, even in the event of entire innocence of that fraud in the mind of the per-

son entering the goods. So far as the criminal provisions of the section are concerned, scienter is not made a necessary allegation, except in so far as the acts prohibited imply some responsibilities, in order to make out any offense whatsoever. As in many other statutes, if a person shuts his eyes to wrongdoing, or becomes a party to the transaction, in such a way as to make himself responsible for the consequences, his knowledge, or lack of knowledge, of the actual wrongdoing, may be immaterial. The government seems to have proceeded on this theory in charging fraudulent practice against Michalakeas, in Greece, and in demanding forfeiture because of this fraud, with no allegation of fraud or guilty knowledge on the part of Economu, who actually entered the goods in the United States.

This point, however, has been recently passed upon adversely in the case of One Silk Rug (decided by the United States Circuit Court of Appeals, Third Circuit, upon the 30th day of January, 1908, and printed so far only in the form of Treasury Decision No. 28,779) 158 Fed. 974. The Circuit Court of Appeals states the position of the government, in that case, substantially as outlined above to be the government's position in the case at bar, and then uses the following language:

"We cannot accede to such a construction. This statute must be construed as a whole. * * * The statute, down to the last four lines, * * * had to do wholly with the forfeiture proceeding. * * * To determine who 'such person' and what 'each offense' is, we resort to the forfeiture clause. It follows therefore that unless such forfeiture clause requires a guilty scienter and intent on the part of the forfeitor, Congress had, by the crime clause, subjected to fine and imprisonment one guiltless of criminal intent."

The court then says that the words "fraudulent," "false," and "willful," quoted above, imply the necessity of a guilty scienter and intent, and that the remedy lies in legislative amendment rather than in a different construction.

This decision is at present the authoritative determination of the courts upon this section, and should be controlling in the present case. The information in question, however, is not to be considered insufficient, solely because of this failure to allege scienter. The allegations do not show falsity as to matters which by themselves would occasion any fraud upon the United States, nor effect the deprivation of any duty. The falsity alleged consisted of an understatement of weights of articles which are subject to a specific duty, and in which the final liquidation of that duty must be taken into account before it can be determined whether the United States would be or actually was deprived of any part of that duty. Exceptions are taken to each of the informations on this ground, and as has been said, following the language of the case of United States v. Boyd (C. C.) 24 Fed. 692, the fraudulent act must be one which is calculated to deprive the United States of duty, in order to satisfy the statute. And in the case of United States v. Ninety-Nine Diamonds, 139 Fed. 961, 72 C. C. A. 9, 2 L. R. A. (N. S.) 185, the court holds that a mere immaterial false statement, from which no deprivation could result, is insufficient to bring the act within the law. The tax to be paid is ultimately determined from a return made by the weigher or other official who

examines and certifies the dutiable amounts or quantities of goods. The duty is not finally figured out from the invoice, and, without the assistance of some further fraud or collusion on the part of the government employés, a mere misstatement in the invoice, of the quantity of goods in the importation, would result neither in any fraud upon the United States, nor any deprivation of duty. Government officers must be presumed to do their duty, and informations charging a deviation from the regular course of procedure must show a wrongful act or succession of wrongful acts, from which the deprivation of duty would result, if the attempt should not be frustrated. If known to the importer or consignee, and included by him with fraudulent intent, such use of the false invoice might be one step in an attempt to defraud the United States, but the full attempt should be charged.

The informations in question do not even allege that the government was or would be deprived of any duty, nor that the false invoice could have any effect, or was or would be used for liquidating the duty. The allegation of each information is that the false invoice was used in making an entry, with the intent in the person using it to deprive the United States of a portion of the lawful duty accruing on the goods entered. The information alleges wrongful intent, as if a criminal charge was the object of the allegations, but no other purpose or plan of operation, by which deprivation of duties or loss was or could be the result, is stated or suggested. An allegation of intent to commit a crime, without any allegation as to the commission of the crime, nor any statement of such facts as would constitute commission or an attempt at commission, is not of itself sufficient, either for the purpose of prosecution, nor as an information in a civil case. The exceptions being in effect a demurrer, and the allegations of the information therefore to be taken as true, nevertheless these allegations must be construed carefully, as they are all from which the court can determine the facts included in the charge.

In such a situation, where allegations of further supposititious facts have to be inferred, the information must be held defective.