UNITED STATES v. 646 HALF–BOXES OF FIGS et al.

SAME v. 82 HALF–BOXES OF CHEESE.

(District Court, E. D. New York.  June 13, 1908.)

1. CUSTOMS DUTIES (§ 130*) — FORFEITURE — ILLEGAL ENTRY BY ABSENTEE — AGENCY.

Forfeiture for illegal entry under Customs Administrative Act June 10, 1890, c. 407, § 9, 26 Stat. 135 (U. S. Comp. St. 1901, p. 1895), does not accrue against a party who was in another country when the entry was made, where it does not appear that the person making the entry at the custom house was his agent.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 130.*]

2. CUSTOMS DUTIES (§ 125*) — ILLEGAL ENTRY—"SMUGGLE OR CLANDESTINELY INTRODUCE."

Section 2865, Rev. St. (U. S. Comp. St. 1901, p. 1905), making it criminal to "smuggle or clandestinely introduce" merchandise into the United States, does not include a case where merchandise is fraudulently entered at the customhouse.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 125.*]

3. CUSTOMS DUTIES (§ 64*)—CERTIFICATION OF INVOICES—VERIFICATION.

Customs Administrative Act June 10, 1890, c. 407, § 3, 26 Stat. 131 (U. S. Comp. St. 1901, p. 1887), providing for the indorsement on invoices of a declaration before a United States consul, does not require the invoices to be verified.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 64.*]

4. CUSTOMS DUTIES (§ 125*)—ILLEGAL IMPORTATION—ACTS BY EXPORTER.

It was alleged that an exporter had caused a false and fraudulent invoice to be made out, signed, verified, and left with a consul to be transmitted to the collector of customs at an American port, and had then caused the merchandise covered by the invoice to be shipped to said port; but it was not charged nor shown that he had been concerned in importing the goods. Held, that the case was not brought within section 2865, Rev. St. (U. S. Comp. St. 1901, p. 1905), forbidding any person to "make out or pass, or attempt to pass, through the customhouse any false, forged, or fraudulent invoice."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 125.*]

5. CUSTOMS DUTIES (§ 133*)—INFORMATION FOR FORFEITURE—SUFFICIENCY.

Where, in an information for forfeiture, allegations were united from which it might be inferred that the matter could be brought under various sections of the law, but which were insufficient for the ground of forfeiture intended by the Government, and where no sufficient ground was actually stated, exceptions to the sufficiency of the information should be sustained.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 133.*]

In Rem.  On demurrer to information for forfeiture.

Among the statutory provisions involved herein is the following portion of Customs Administrative Act June 10, 1890, c. 407, § 3, 26 Stat. 131 (U. S. Comp. St. 1901, p. 1887):

"Sec. 3. That all such invoices shall, at or before the shipment of the merchandise, be produced to the consul * * * of the United States of the consular district in which the merchandise was manufactured, as the case may be, for export to the United States, and shall have indorsed thereon, when so produced, a declaration signed by the purchaser, manufacturer, owner or agent, setting forth that the invoice is in all respects correct and true."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William J. Youngs, U. S. Atty.
J. Bronson Ker, for claimants.

CHATFIELD, District Judge. The government has proceeded against two separate importations, and has based its right to forfeiture upon three alleged grounds in each case. These grounds are alike in the two cases, with the exception that in the information against Eighty-Two Half Boxes of Cheese, the second alleged cause of forfeiture recites that the acts are claimed to be in violation of the provisions of section 2865 of the Revised Statutes (U. S. Comp. St. 1901, p. 1905), in addition to a number of other sections.

As to the first cause of forfeiture, the question has already been disposed of in previous cases; and while this court had some doubt as to the meaning of section 9 of the customs administrative act (Act June 10, 1890, c. 407, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895]), except as this has been decided in the case of U. S. v. One Silk Rug (T. D. 28,779) 158 Fed. 974, the first cause of forfeiture would seem to be bad in any event. The information shows that the entry into the customhouse was made by one Charles (Constantine) S. Galanopulo, in New York; and the cause of forfeiture alleges that this entry was made by Frank S. Galanopulo, who was at all the times mentioned in Greece. If the government intended to imply that the person making the entry in New York was merely an agent, it has not so charged in the information.

As to the second cause of forfeiture, it is impossible to tell upon which one of the many sections of the Revised Statutes referred to the government really intends to rely. The claimant has demurred on the ground that nothing is charged except a conspiracy. But the language of this cause of forfeiture would seem to make out, in connection with the general statement of fact in the first part of the information, a charge under section 9, c. 407, of the act of June 10, 1890, that a false entry was made in the New York customhouse by means of a fraudulent invoice; that this false entry would deprive the United States of duty, in that a conspiracy had been entered into by which the false invoice would be fraudulently made the basis of the computation of duty, through a misstatement of the real weight of the importation, and that the case is thus brought within the decision in One Silk Rug, supra. The result of this would be to show an importation contrary to law, and section 3082 (U. S. Comp. St. 1901, p. 2014), might apply. The government apparently intends so to charge, but it may be doubted whether this charge would be sufficient unless the allegations make out a violation of section 9 of the customs administrative act as well, in which case section 3082 adds nothing to the cause of action.

As to the other possible grounds of forfeiture, it is unnecessary to speak at this time. They should be stated separately. But inasmuch as the allegations seem to be good upon the ground of attack by the claimant, the exceptions should be overruled on this point.

As to the third alleged ground for forfeiture, the district attorney has again united allegations which would bring the matter under dif-

ferent sections, and has attempted to call to the assistance of the first ground for forfeiture the provisions of section 2865 of the Revised Statutes, which are as follows:

"If any person shall knowingly and willfully, with intent to defraud the revenue of the United States, smuggle, or clandestinely introduce, into the United States, any goods, wares, or merchandise, subject to duty by law, and which should have been invoiced, without paying or accounting for the duty, or shall make out or pass, or attempt to pass, through the custom-house any false, forged, or fraudulent invoice, every such person, his, her, or their aiders and abettors, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not exceeding five thousand dollars, or imprisoned for any term of time not exceeding two years, or both, at the discretion of the court."

Under the decision in Keck v. U. S., 172 U. S. 434, 19 Sup. Ct. 254, 43 L. Ed. 505, the act charged cannot be classified as smuggling nor brought within the words "clandestinely introduce."

The government has also alleged a verification of a false invoice at Calamata, Greece; and the forwarding of one of these false invoices, which were made in triplicate, to the collector of customs at New York. Section 3 of the Law of 1890 does not require these invoices to be verified. Nor is there anything in the act which would seem to bring this false verification within the provisions of section 1750 of the Revised Statutes (U. S. Comp. St. 1901, p. 1196), and the third cause of forfeiture must therefore be judged solely from the standpoint of the second part of section 2865, supra.

The government seems to charge the importer in Greece, in connection with all of the other matters referred to, with having unlawfully made out, passed, or attempted to pass through the customhouse a false invoice; but the allegations of the information do not show any such transaction, and in fact the charge is stated to be, in the nineteenth cause of information, that the said Frank S. Galanopulo, in making, signing, certifying, and verifying the said false and fraudulent invoice, and leaving the same with the French consul, which invoice was thereafter forwarded by the said consul to the collector of customs, and by sending the said merchandise to New York, did then and there—that is to say, at the time of sending to the port of New York—attempt to make an entry of the said merchandise by means of the said false invoice, by means whereof the United States was to be deprived of lawful duties, etc.

It might be suspected that a charge could be made upon which it would be necessary to construe section 2865 in order to see if its provisions cover the acts charged; but no such allegations are contained in the third ground of forfeiture, and the exceptions to this will therefore be sustained.