### UNITED STATES v. LEON RHEIMS CO. et al.

#### (District Court, S. D. New York. November 7, 1917.)

1. STATUTES ⬅️241(1)—CONSTRUCTION—PENAL STATUTES.
   Penal statutes should be strictly construed.

2. CUSTOMS DUTIES ⬅️129—EVASION—ACTIONS—COMPLAINT.
   A complaint by the United States, brought under Tariff Act Oct. 3, 1913, c. 16, § III, par. H, 38 Stat. 183 (Comp. St. 1916, § 5526), providing that, if any person or persons shall enter or introduce or attempt to enter or introduce into the commerce of the United States any imported merchandise by means of any fraudulent invoice, or by means of any false statement whereof the United States shall be deprived of the lawful duties accruing on the merchandise, such merchandise or the value thereof, to be recovered from such person or persons, shall be forfeited, sought recovery of a sum of money from three defendants as the forfeiture value of merchandise introduced into the United States by means of false invoices and declarations. The three defendants were the corporate seller, the buyer, and the president of the corporate seller. Only the seller was served. The complaint further alleged the sale in France, and that all three of the defendants caused to be presented to a United States consul there a false invoice, in which the cost of the merchandise, the price actually paid or to be paid, was stated at less than the actual cost or price, and a false declaration upon written entry by the buyer. Held, in view of prior legislation, that the complaint was not subject to demurrer as misjoining several causes of action, for while only one penalty, which was the value of the merchandise, could be recovered, the participants in the wrong might be sued jointly or severally until such satisfaction should be recovered.

At Law. Action by the United States against the Leon Rheims Company and others. On demurrer of defendant named to complaint. Demurrer overruled.

Addison S. Pratt, of New York City, for demurrant.

Francis G. Caffey, U. S. Atty., and Harold Harper, Asst. U. S. Atty., both of New York City, opposed.

MAYER, District Judge. This action was brought under paragraph H of section III of the Tariff Act of October 3, 1913, to recover $1,665.64 alleged to be the forfeiture value of certain merchandise entered and introduced into the commerce of the United States by means of a false invoice, a false declaration thereon, a false declaration upon the written entry, certain false and fraudulent practices, to wit,

willfully omitting to state and declare to the collector at the time of the entry the true cost of the merchandise, the price paid, or to be paid therefor, and certain willful acts and omissions, to wit, willfully omitting at the time of entry, and at all times subsequent thereto, to inform the collector of the true actual cost of the merchandise, whereby the United States was deprived of a portion of the revenue accruing upon the said merchandise, to wit, $242.16.

The defendant Leon Rheims Company is the only defendant served with the summons and complaint, and it has demurred on the ground that causes of action have been improperly united upon the face of the complaint, upon the ground that it appears upon the face thereof that causes of action have been improperly united, in that:

"The complaint purports to allege a cause of action against the defendant Leon Rheims Company for the forfeiture or true value of the merchandise referred to therein based upon its alleged fraud, and a second cause of action against the defendant George L. Rheims for the forfeiture or true value of the merchandise referred to therein based upon his alleged fraud, and a third cause of action against the defendant Emily Swiggett for the forfeiture or true value of the merchandise referred to therein based upon her alleged fraud."

The complaint deals with only one transaction, viz. the importation of two cases of merchandise which arrived at the port of New York upon the steamship Olympic, on or about August 5, 1914. The complaint alleges that defendant Leon Rheims Company sold and delivered the merchandise to defendant Swiggett, at Paris, on or about July 28, 1914; that defendant George L. Rheims was the president of defendant Leon Rheims Company, and that defendant Swiggett was the purchaser of the merchandise, and the person who made entry thereof with the collector of the port of New York. The complaint also alleges that all three defendants, and each of them, presented and caused to be presented to the United States consul, at Paris, a false invoice, in which the cost of the merchandise, the price actually paid or to be paid therefor, was stated at less than the actual cost or price, and that defendant George L. Rheims made a false declaration upon the said invoice, in which he likewise understated the actual cost or price, and also stated that no different invoice had been or would be furnished by the Leon Rheims Company to any one, and that the defendant Swiggett made a false declaration upon the written entry, in which she also understated the cost of the merchandise, and that by means of the aforesaid false invoices and declarations and false practices and willful omissions the three defendants, and each of them, knowingly, willfully, and with intent to defraud the revenue, entered and introduced and caused to be entered and introduced into the commerce of the United States the said merchandise.

The defendants are sued as joint wrongdoers for their joint fraud, but there is only one allegation in the complaint of joint action on the part of the defendants, viz. the presentation to the consul of the false invoice; all the other acts, which it is alleged defendants did, are alleged to have been done by them individually and at different times and places.

[1, 2] The statute under which the action is brought (paragraph H, section III, act of October 3, 1913 [Comp. St. 1916, § 5526]) provides as follows:

"That if any consignor, seller, owner, importer, consignee, agent, or other person or persons shall enter or introduce, or attempt to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance whatsoever, or shall make any false statement in the declarations provided for in paragraph F without reasonable cause to believe the truth of such statement, or shall aid or procure the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, or shall be guilty of any willful act or omission by means whereof the United States shall or may be deprived of the lawful duties or any portion thereof, accruing upon the merchandise or any portion thereof, embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission, such merchandise, or the value thereof, to be recovered from such person or persons, shall be forfeited, which forfeiture shall only apply to the whole of the merchandise or the value thereof in the case or package containing the particular article or articles of merchandise to which such fraud or false paper or statement relates."

The contention of counsel for defendant is stated thus:

"While the statute may permit the recovery of a joint penalty against all those who are guilty of an attempt to introduce merchandise into the commerce of the United States by means of fraudulent acts committed in a foreign country, i. e., consignor, seller, or other person or persons, and while it may likewise permit the recovery of a joint penalty against those engaged in either an attempt to introduce or an actual introduction of merchandise into the commerce of the United States through fraud in this country, i. e., owner, importer, consignee, agent, or other person or persons, yet both classes of persons cannot be sued to recover a joint penalty if the offenses of the two classes are several as between themselves, even though they may be joint as between the members of each class."

In support of this contention, many English and American cases are cited, notably Lord Mansfield's opinion in Rex v. Clarke, 2 Cowp. 610, and Marsh v. Shute, 1 Denio (N. Y.) 230.

In Rex v. Clarke, supra, the statute (8 Geo. I, c. 18, § 25) provided:

"If any person or persons shall assault, resist, oppose, molest, obstruct, or hinder any officer or officers of the customs or excise, in the due seizing or securing any brandy, etc., or shall by force or violence rescue any brandy, etc., after the same shall have been seized by such officer or officers, or shall attempt or endeavor so to do, or shall, at or after such seizure, stave, break, etc., any cask, etc., containing such brandy, etc., the party or parties so offending shall for every such offense forfeit and lose the sum of £40."

An information was filed against three persons under the statute for assaulting and resisting custom house officers in the execution of their duty and rescuing from their custody certain liquor. They were found severally guilty, and each was adjudged to pay £40, the amount of the penalty, which was affirmed upon appeal. Obviously each offending person under the wording of the statute was subject to penalty.

In Marsh v. Shute, supra, the statute read:

"Every trustee who shall refuse or neglect to render such account, or to pay over any balance so found in his hands, shall, for each offense, forfeit the sum of $25.00."

Here, again, the wording of the statute clearly shows the legislative intent that each delinquent trustee must respond. As to these and other cases it is well to remember Lord Mansfield's admonition:

"There is no cause of greater ambiguity than arguing from cases without distinguishing accurately the grounds upon which they were determined." Rex v. Clarke, supra.

The statute here under consideration provides:

"Such merchandise, or the value thereof, to be recovered from such person or persons, shall be forfeited."

Manifestly, if the goods had not passed into consumption and had been seized by the government, there could only be one forfeiture, and there would have been no further liability upon the part of the various persons assisting in the commission of the offense. Where the goods have passed into consumption, and the res is beyond the reach of the government, then "the value thereof" is recoverable. Such statutes, being penal, are, in accordance with familiar principles, strictly construed. If the United States sought to recover the penalty (viz. the value of the merchandise) from each defendant separately, or in other words the penalty three times, the defendants would at once point out that the statute contemplated only a single penalty.

There is nothing in the history of this legislation to negative this view. In the Revised Statutes the subject was contained in two sections, viz. 2839 and 2864. Section 2839 was originally part of section 66 of chapter 22 of the Act of March 2, 1799 (1 Stat. 677), and provided:

"If any merchandise, of which entry has been made in the office of a collector, is not invoiced according to the actual cost thereof at the place of exportation, with design to evade payment of duty, all such merchandise, or the value thereof, to be recovered of the person making entry, shall be forfeited."

Section 2864 was originally part of section 1 of chapter 76 of the Act of March 3, 1863 (12 Stat. 738), and provided:

"If any owner, consignee, or agent of any merchandise shall knowingly make, or attempt to make, an entry thereof by means of any false invoice, or false certificate of a consul, vice consul, or commercial agent, or of any invoice which does not contain a true statement of all the particulars hereinbefore required, or by means of any other false or fraudulent document or paper, or of any other false or fraudulent practice or appliance whatsoever, such merchandise or the value thereof shall be forfeited."

These two sections were impliedly repealed by section 12 of chapter 391 of the Act of June 22, 1874 (18 Stat. 188), but in effect re-enacted. This section provided as follows:

"That any owner, importer, consignee, agent, or other person who shall, with intent to defraud the revenue, make, or attempt to make, any entry of imported merchandise, by means of any fraudulent or false invoice, affidavit, letter, or paper, or by means of any false statement, written or verbal, or who shall be guilty of any willful act or omission by means whereof the United States shall be deprived of the lawful duties, or any portion thereof, accruing upon the merchandise, or any portion thereof, embraced or referred to in such invoice, affidavit, letter, paper, or statement, or affected by such act or omission, shall, for each offence, be fined in any sum not exceeding five-

thousand dollars nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both; and, in addition to such fine, such merchandise shall be forfeited, which forfeiture shall only apply to the whole of the merchandise in the case or package containing the particular article or articles of merchandise to which such fraud or alleged fraud relates; and anything contained in any act which provides for the forfeiture or confiscation of any entire invoice in consequence of any item or items contained in the same being undervalued, be, and the same is hereby, repealed."

This section, it will be noted, did not make any provision for the forfeiture of the value of the merchandise, but authorized only the forfeiture of the merchandise itself. This omission, however, was undoubtedly inadvertent; for by the Act of February 18, 1875 (18 Stat. 316), entitled "An act to correct errors and supply omissions in the Revised Statutes of the United States," the words "or value thereof" were restored.

Act June 10, 1890, c. 407, § 9 (26 Stat. 135), provided that the value should be recovered from the person making the entry:

"That if any owner, importer, consignee, agent, or other person shall make or attempt to make any entry of imported merchandise by means of any fraudulent or false invoice, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance whatsoever, or shall be guilty of any willful act or omission by means whereof the United States shall be deprived of the lawful duties, or any portion thereof, accruing upon the merchandise, or any portion thereof, embraced or referred to in such invoice, affidavit, letter, paper, or statement, or affected by such act or omission, such merchandise, or the value thereof, to be recovered from the person making the entry, shall be forfeited, which forfeiture shall only apply to the whole of the merchandise or the value thereof in the case or package containing the particular article or articles of merchandise to which such fraud or false paper or statement relates; and such person shall, upon conviction, be fined for each offense a sum not exceeding five thousand dollars, or be imprisoned for a time not exceeding two years, or both, in the discretion of the court."

This section continued in force until it was superseded by subsection 9 of section 28 of the Act of August 5, 1909, c. 6 (36 Stat. 97). This act made the following changes in section 9 of the Act of June 10, 1890. The words "consignor, seller," were inserted before the word "owner," and the words "or persons" were inserted after the word "person," so that it read, "that if any consignor, seller, owner, importer, consignee, agent, or other person or persons." In place of the words "shall make or attempt to make any entry of imported merchandise" the language used was, "shall enter or introduce, or attempt to enter or introduce, into the commerce of the United States." And the words "such person or persons" were inserted in place of the words "from the person making the entry," so that the statute provided that "such merchandise, or the value thereof, to be recovered from such person or persons, shall be forfeited."

The result of these changes was to add new classes of punishable persons and new causes of forfeiture. Under the Act of June 10, 1890, it had been held that the merchandise could not be forfeited for the fraud of the consignor, or for the fraud of any person, if such act preceded the making of the formal entry of the merchandise. U. S. v. Six Hundred Forty-Six and One-Half Boxes of Figs (D. C.)

164 Fed. 778; U. S. v. One Trunk (D. C.) 171 Fed. 772. The effect of the changes made by the Act of August 5, 1909, is discussed in U. S. v. Twenty-Five Packages of Panama Hats, 231 U. S. 358, 359–362, 34 Sup. Ct. 63, 58 L. Ed. 267.

The Act of August 5, 1909, was superseded by paragraphs G and H of section III of the Act of October 3, 1913 (Comp. St. 1916, §§ 5524, 5526), which, however, are in the same language, with the exception of the addition of the word "declaration" to the words "invoice, affidavit, letter, paper," etc., and also with the exception that the following clause of forfeiture was added:

"Or shall make any false statement in the declarations provided for in paragraph F without reasonable cause to believe the truth of such statement, or shall aid or procure the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement."

From the foregoing (the statutes having been quoted for convenience), it will appear that for well over a century the forfeiture is confined to the merchandise, or, if the merchandise cannot be found or seized, then to the value thereof. As new persons were added to the list of those from whom the value might be recovered, it was not intended to increase the penalty.

The distinction under the existing statute is not between the fraud of the consignor and the fraud of the consignee, but between a consummated entry of the merchandise by fraudulent means and an attempted entry of the merchandise, consisting of acts done by any of the persons within the category of the statute not amounting to an entry and introduction into the commerce of the United States. It may be that, if the action is predicated solely upon the presentation of a false invoice to the United States consul and the arrival of the goods in this country, as in the Panama Hat Case, 231 U. S. 358, 34 Sup. Ct. 63, 58 L. Ed. 267, it would be improper to join the American purchaser as party defendant.

Where, however, as here, the complaint alleges a consummated entry of merchandise upon the fraudulent invoice, the foreign seller is as much a party defendant as is the purchaser in this country who files the entry. The complaint sets forth the series of steps undertaken by each of the defendants which ultimately resulted in the consummated entry. The case then clearly falls within the principle of Palmer v. Conly, 4 Denio (N. Y.) 374, affirming Conley v. Palmer, 2 N. Y. 182. See also Hall v. McKechnie, 22 Barb. 248, and United States v. Chicago, P. & S. L. Railway Co. (D. C.) 143 Fed. 353.

The principle of Palmer v. Conly, supra, is that, where a statute imposes a single penalty, there can be but one satisfaction, but the participants in the wrong may be sued jointly or severally until the satisfaction is obtained. The phraseology of the statute here under consideration, the purpose for which it was enacted, and the application of the principle of law just above stated, render necessary that the demurrer should be overruled.

Motion overruled.