### UNITED STATES v. MESCALL (three cases).

#### (Circuit Court, E. D. New York. May 7, 1908.)

#### Nos. 6–8 (768–770).

1. CUSTOMS DUTIES (§ 128*)—ILLEGAL ENTRY—"ENTRY."

Section 5444, Rev. St. (U. S. Comp. St. 1901, p. 3677), relating to the crime of illegally admitting imported goods to "entry," does not refer merely to the act of filing at the custom house the document known as an "entry," but comprises the transaction of entering the goods into the body of the commerce of the country; that is, the whole process of passing the goods through the custom house, which cannot be deemed complete until liquidation has been had.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 128.*

For other definitions, see Words and Phrases, vol. 3, p. 2408.]

2. CUSTOMS DUTIES (§ 128*) — ACCESSORIES AFTER THE FACT — "AID IN THE ILLEGAL ADMISSION OF IMPORTS."

Section 5444, Rev. St. (U. S. Comp. St. 1901, p. 3677), relating to "aid in the illegal admission of imports," includes aid given both before and after the fact; and where a customs officer aids one who has made wrongful entry, by concealing the falsity of the entry, or by supporting it by false official returns, he is within the prohibition of the section.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 128.*]

On Demurrer to Indictments for Aiding in Effecting an Illegal Entry of Imported Merchandise.

William J. Youngs, U. S. Atty.

Eugene F. O'Connor, Jr. (Leo Oppenheimer, of counsel), for defendant.

CHATFIELD, District Judge. Demurrers have been interposed to the three indictments above entitled, which have been brought under the provisions of section 5444, Rev. St. (U. S. Comp. St. 1901, p. 3677), which is as follows:

"Sec. 5444. Every officer of the revenue who, by any means whatever, knowingly admits or aids in admitting to entry any goods, wares, or merchandise, upon payment of less than the amount of duty legally due thereon, shall be removed from office, and shall be fined not more than five thousand dollars, or be imprisoned not more than two years."

These indictments in effect charge that certain goods had been imported into the United States, and entered by the importer with the collector of the port, under an entry number; that these goods were subject to a specific duty, and that the defendant, who was an officer of the customs service, as a part of his official duties, was to weigh the goods included in this particular importation, and to return to the col-

lector a true statement of the result of that weighing, from which statement the amount of duty to be collected was to be liquidated and paid; that in fact the defendant returned a false statement of weight, upon which false weight duty was paid (the amount of this payment being too little in proportion to the amount by which the false weight was less than the actual weight); that the defendant by so doing unlawfully admitted or aided in admitting to entry the goods specified, upon payment of less than the amount of duty legally due thereon.

It may be observed at the outset that the use of the words of the statute "admits or aids in admitting," if standing alone, might be objectionable on the ground of duplicity; but inasmuch as the indictments in question set forth specifically the details of the transaction, and inasmuch as it is apparent that but one act is recited and one offense charged in each count, and inasmuch as it further appears from this recital that the offense with which the defendant is charged is that of "aiding in admitting," the word "admit" must be regarded as surplusage. This is apparent, also, from an examination of the acts charged, which shows that the defendant was not the official in the customs service who admitted the goods, in the sense of receiving the entry when filed, nor who released the goods upon payment of duty after final liquidation. The various grounds of demurrer, therefore, may be reduced to the general proposition that the indictment is claimed not to set forth a crime under the statute specified, in that the acts of the defendant occurred subsequent to the filing of the paper known as an "entry" in the customs service; that the process of entering the goods was completed by the filing of that paper and its receipt by the proper officer of the customs service; and that the defendant cannot be accused, under the language of this statute, with having aided in admitting goods to entry, if the entry referred to has been accomplished without that aid. This necessitates determining what the word "entry" in section 5444 comprises.

As has been said in the opinion filed with reference to the indictments against this same defendant under section 9 of the customs administrative act (Act June 10, 1890, c. 407, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895]), reported in 164 Fed. 580, the various statutes which have been placed among the laws of the United States in the revision of 1874, and which prior to that time were comprised in different sections of Act March 3, 1863, c. 76, might well be deemed to be limited to the paper known as an "entry," and to the process of filing the same, up to the point where that entry is accepted and the papers passed on for liquidation  Both with reference to ad valorem and specific duties, the transactions, either in ascertaining the duty where a specific duty is to be paid, or in proving and liquidating the amounts in the case of ad valorem duties, might have been considered steps in a process subsequent to entry, and subsequent to the transaction referred to as an "entry" in the provisions of section 5444, and thus the word "entry" in that statute have been confined to a series of acts up to the point stated.

But for the purposes of section 9 of the customs administrative act the word "entry" has been construed differently, and in the case of

United States v. Legg, 105 Fed. 933, 45 C. C. A. 134, this use of the word has been approved; also, in the case of United States v. Browne (C. C.) 126 Fed. 766, at page 773, an indictment similar to the one at bar was held good, where the act charged was that of an examiner, subsequent to the filing of a paper called an "entry." Because of the reasons approved by these cases it is difficult to see why the word "entry," in section 5444, unless otherwise determined by the higher courts of this circuit, should not be construed as comprising the transaction of entering the goods into the body of the merchandise in the United States; that is, the whole process of passing the goods through the custom house.

This interpretation, however, is not absolutely necessary. When a statute defines as a crime the act of some person aiding a principal offender, then the person giving this aid is an "accessory," and, if the circumstances render it possible, he may be an accessory either before or after the fact. There is no inherent reason in the language of the statute which would indicate that Congress did not intend to make it possible to punish any individual who, in a transaction based upon a false or fraudulent entry paper, aided the wrongdoer by concealing the falsity, or by rendering other false statements to correspond with the original false entry. If the principal crime be treated as that of admitting goods to entry, in the sense of allowing an entry blank to be filed and the papers sent on for the liquidation of duty, then that crime would be aided by an official who repeated the falsehood concealed in the original entry.

It may be admitted that criminal statutes are to be construed strictly, and that no words can be read into a statute in order to give it a particular meaning. It is evident that section 5444 imposes a penalty for what is called therein admitting goods to entry upon the payment of less than the amount due; whereas the crime just referred to might be more fully described as aiding in defrauding the United States, or aiding in the presentation to the government of a false document with the intent to assist in a fraud. But it is not considered that construing section 5444 to cover the present case is reading anything into the statutes, unless the courts finally determine both that the word "entry" relates merely to the transaction up to the time of filing the paper, and that no person can be an accessory to the entry of goods upon payment of a less amount of duty after the entry blank is filed and accepted. The very words of the statute, "upon the payment of less than the amount of duty legally due," would indicate that, if the statute is to be applied to any case of specific duty, the entry cannot be deemed completed until liquidation has been had.

The demurrers, therefore, will be overruled.