## UNITED STATES v. MESCALL (three cases).

### (Circuit Court, E. D. New York. May 7, 1908.)

### Nos. 9–11 (771–773).

1. CUSTOMS DUTIES (§ 125*)—ILLEGAL ENTRY—"ENTRY."
   In section 5445, Rev. St. (U. S. Comp. St. 1901, p. 3678), relating to the illegal "entry" of imports, the term "entry" is not limited to the paper so known in the customs service, nor to the making and filing of it, nor the process of filing it and thereby entering the goods.
   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 125.*]
   For other definitions, see Words and Phrases, vol. 3, p. 2408.]

2. CUSTOMS DUTIES (§ 125*)—AID SUBSEQUENT TO ENTRY—"EFFECTS."
   The expression "effects, or aids in effecting," an illegal entry of imports, in section 5445, Rev. St. (U. S. Comp. St. 1901, p. 3678), includes aid in carrying out the fraud, rendered either after or before entry at the custom house.
   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 125.*]

3. CUSTOMS DUTIES (§ 128*)—STATUTES.
   Section 5445, Rev. St. (U. S. Comp. St. 1901, p. 3678), relating to "every person" who aids in effecting the illegal entry of imports, while ordinarily not intended to apply to those individuals—customs officers—covered by the preceding section of the law, does not exclude an officer of the service if the facts bring him within the definition of the "person" at whom this provision is aimed, and may therefore include a customs weigher who aids in the way prohibited.
   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 128.*]

4. CUSTOMS DUTIES (§ 125*)—FAILURE OF FRAUDULENT ENTRY—LOCUS PŒNITENTIÆ.
   The penalty provided for illegally effecting the entry of imports, under section 5445, Rev. St. (U. S. Comp. St. 1901, p. 3678), cannot be avoided on the theory that the fraud would not have been successful until the release of the goods after payment of the duty, and the participants in the wrongdoing might have repented before that time.
   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 125.*]

On Demurrers to Indictments for Criminally Aiding in Effecting an Illegal Entry.

William J. Youngs, U. S. Atty.

Eugene F. O'Connor, Jr. (Leo Oppenheimer, of counsel), for defendant.

CHATFIELD, District Judge. These indictments are all brought under section 5445 of the Revised Statutes (U. S. Comp. St. 1901, p. 3678), which is as follows:

"Sec. 5445. Every person who, by any means whatever, knowingly effects, or aids in effecting any entry of any goods, wares, or merchandise at less than the true weight or measure thereof, or upon a false classification thereof as to quality or value, or by the payment of less than the amount of duty legally due thereon, shall be fined not more than five thousand dollars, or be imprisoned not more than two years, or both."

The defendant is charged with having returned false weights to the collector of customs, upon which the liquidation of duties with

reference to an importation previously made was to be computed. Upon this the defendant is accused of having knowingly effected and aided in effecting an entry of these goods by the payment of less than the amount of duty legally due. Demurrers have been interposed upon the ground that section 5445 does not apply to a transaction of this sort.

It is claimed that the word "entry" in the section refers to (1) the paper known as an "entry" in the customs service; or to (2) the making and filing of that paper; or to (3) the process of making and filing this paper, and thereby entering the goods. It is argued that anything after this technical entry has been made has to do with liquidation, release, or the payment of duty, and that the section was inserted in the statutes for the purpose of prohibiting frauds with relation to the filing of this particular paper known in the service as an "entry."

This argument has been thoroughly discussed in the preceding opinion with reference to indictments Nos. 768, 769, and 770 (164 Fed. 584). But in addition it may be observed that section 5445 forbids the doing of any act which "aids in effecting any entry." Congress did not use the words "enter or aid in entering," but apparently, for some purpose, adopted the more comprehensive terms "effect or aid in effecting an entry." To "effect" anything is "to accomplish it; to achieve it; to bring it to an issue of full success"—as defined by the Standard Dictionary. To bring a matter to full success, when applied to such a transaction as the one in question, would seem to mean to effectuate or to carry into effect; and certainly a person who aids in so doing might lend his aid either before or after the act itself.

The meaning of these indictments, similarly to those above referred to in the previous opinion, must be limited to the allegation of aiding, so far as this particular transaction is concerned. A person who aided in effecting might be said to have also participated in the effecting itself. But no broader meaning is given thereby, and the one transaction which is charged by these indictments as criminal is that of assisting in carrying out the fraud, and this would seem to be within the scope of the Revised Statutes.

Section 5444 (U. S. Comp. St. 1901, p. 3677) and the various statutes from which it has been derived, relate to an officer of the customs service. Section 5445 comprises every person who commits the offense. While ordinarily intended to apply to those individuals not covered by section 5444, there seems to be no reason for excluding an officer of the service, if the facts alleged bring him within the definition of the "person" at whom section 5445 is aimed. Indictments under each section might be equivalent to two counts, substantially setting forth the same offense, and in case of a conviction but one sentence might be proper or legal; but that is not an objection to be taken by demurrer to each indictment separately.

Again, it is urged that, unless actual fraud or deprivation of duty is alleged, the defendant can insist that a locus pœnitentiæ existed for him; that up to the release of the goods after payment of a wrong amount of duty any fraud on the part of the person assisting or aiding

would not be criminal under the statute unless successful. It is only necessary to say that the indictments show, first, that the attempt would be successful, and would result in fraud of the government, if not detected; second, that the indictments show a completion of the fraud to a point beyond a mere attempt on the part of the defendant; and, third, the statute (and this is true of section 5444, as well as section 5445) makes it a crime to aid in any material step of a fraudulent importation, even if that fraud be detected, and loss of duty be prevented by seizure and forfeiture under section 9 of the act of 1890 (Act June 10, 1890, c. 407, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895]), or in any other manner.

The provisions of section 9, providing for seizure and forfeiture of the entire importation for a fraud in the process of entry, show the manner in which the crime may be consummated, and yet the government be protected from loss, the importation ultimately completed, accomplished not by the fraud, but in spite of the same.

The demurrers will be overruled.